**THE LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**THE LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com

Attorneys for Plaintiff(s)
Michael Medina-Fernandez

## UNITED STATE DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MEDINA-FERNANDEZ, an individual, Plaintiff, <br><br> vs. <br><br> CITY OF LONG BEACH, a municipal entity; and DOES 1-50, individually and in their official capacity as police officers for the CITY OF LONG BEACH Police Department, Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> 42 U.S.C. § 1983: First and Fourth Amendments <br> Cal. Civ. Code §52.1 <br> Pendent Tort Claims <br><br><br> **JURY TRIAL DEMANDED** |

Case No.

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## INTRODUCTION

1.      This civil rights case arises out of the egregious and unjustified harm inflicted upon Mr. Michael Medina-Fernandez by law enforcement officers of the Long Beach Police Department. On May 31, 2020, Mr. Medina-Fernandez was shot multiple times in the back, torso, and extremities with a rubber bullet projectile without just cause or provocation during the lawful exercise of his First Amendment right to peacefully protest police brutality.

2.      At approximately 7:00 p.m., Mr. Medina-Fernandez was participating in the national protests that erupted after the May 25, 2020 murder of George Floyd by Minneapolis police officers. Mr. Medina-Fernandez was moved to exercise his First Amendment rights after seeing the devastation the police response to the protests caused to host cities and the violence inflicted upon those who attended.

3.      Although Mr. Medina-Fernandez was protesting the endemic use of excessive deadly force by police officers, officers of the Long Beach Police Department reacted by spraying the peacefully gathered crowd with rubber bullets without justification. Mr. Medina-Fernandez was struck twice in the back, while unarmed and facing away from the Defendants, before being struck several more times, including on his hands, feet, stomach, and hip. Mr. Medina-Fernandez continues to suffer from the injuries inflicted upon him to this day.

4.      This action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the unjustified, grossly excessive, and thereby entirely unreasonable, use of force inflicted upon Mr. Medina-Fernandez.

## JURISDICTION AND VENUE

5.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon

**COMPLAINT FOR DAMAGES**

this Court. The unlawful acts and practices alleged herein occurred in the City of Long Beach, County of Los Angeles, California, which is within the judicial district of this Court.

6.     This Court has Supplemental Jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal claims in this action as to arise out of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

8.     Plaintiff, MICHAEL MEDINA-FERNANDEZ (hereinafter "Plaintiff") is, and was at all times mentioned herein, an individual residing in the state of California and is a United States Citizen.

9.     Defendant City of Long Beach (hereinafter "City") is, and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Long Beach Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City was the employer of DOES 1-50 (hereinafter, collectively, "DOE Officers"), individually and in their official capacities as officers for the City of Long Beach Police Department.

10.    Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

12. Plaintiff is required to comply with the administrative procedures set forth in the California Government Claims Act. Plaintiff filed a claim against the City of Long Beach on December 4, 2020. The claim was rejected in writing by the City on February 1, 2021.

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

13.     Plaintiff has been litigating a criminal charge related to this incident.

14.     Accordingly, Plaintiff has exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## PRELIMINARY ALLEGATIONS

15.     The City of Long Beach is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the First, Fourth and Fourteenth Amendments of the United States Constitution for the acts and omissions of Defendants DOES 1 through 50, and each of them, who, at the time they caused Plaintiff's injuries, damages, were duly appointed, qualified, and acting officers, employees, and/or agents of Defendant City and acting within the course and scope of their employment and/or agency.

16.     Each of the Defendants caused, and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

17.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendant individually, jointly, or severally.

## GENERAL ALLEGATIONS

18.     During the Black Lives Matter Protests in the Summer of 2020, Mr.

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

Medina-Fernandez watched as local governments responded to the peaceful protests with violent, unjustified, militaristic tactics and witnessed first-hand the devastation brought to the citizens of Los Angeles County when the police fired rubber bullets and pepper spray into crowds of peaceful protestors. Suspecting that protests in his home city of Long Beach would not be long behind those in Los Angeles, Mr. Medina-Fernandez drove home to Long Beach to help protect his community from the escalating police violence.

19.    Mr. Medina-Fernandez was dropped off near the Long Beach Promenade, where a group of peaceful protestors had already formed, crying out against endemic police brutality and the deaths of George Floyd, Breonna Taylor, and Ahmaud Arbery, among countless others.

20.    Mr. Medina-Fernandez walked through the group of protestors, encouraging them to fall back from the line of police that was beginning to form near Pine and 3rd Street in the City of Long Beach to keep people from being injured and maintain the peaceful nature of the protest.

21.    Mr. Medina-Fernandez was lawfully engaged in the constitutionally protected right to protest police action and peacefully assemble for the duration of his presence at the protest. At no time did Mr. Medina-Fernandez threaten nor even approach an officer; brandish nor threaten the use of a weapon; nor act in any way that would cause a reasonable officer to believe that he was a threat.

22.    Mr. Medina-Fernandez and others attempted to move the protesters away from the police line and towards the beach, where the group could continue to exercise their First Amendment rights without fear of police retaliation and violence.

23.    When the crowd became agitated by the large, armed police presence maintained by Defendant City, Mr. Medina-Fernandez actively worked to calm the crowd with his words and peaceful actions.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

COMPLAINT FOR DAMAGES

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

24. At or near the intersection of Ocean Ave and Pine St., Defendant Does formed a police line along Ocean Ave. blocking the crowd from continuing toward the beach.

25. The crowd again became agitated by the Long Beach police officers' countless threats to deploy rubber bullets and other crowd control weapons but refused to stand down from the police line, asserting their First Amendment rights to protest and assemble.

26. In another attempt to keep the crowds calm, Mr. Medina-Fernandez, who had only his long board for protection, stepped out of the crowd, knelt down with his board behind his feet, and raised one hand above his head. Others in the crowd soon followed suit, raising their hands in the international sign of surrender, showing the amassed Defendant City officers that they were committed to a peaceful protest.

27. Sometime later, yet-to-be identified members of Defendant City's police department approached Mr. Medina-Fernandez and pushed him to the ground, pulling his hair in the process, attempting to force him back into the crowd.

28. Mr. Medina-Fernandez pleaded with Defendant Does to let him go. Finally, Defendant Does pushed him back towards the crowd of protestors and returned to the police line across Ocean Ave.

29. At this time, Mr. Medina-Fernandez was standing between the crowd and the police blockade, with his back to Defendant Does. Mr. Medina-Fernandez was unarmed, standing still with hands visible, and not making any furtive movements that would have caused a reasonable officer to believe that he posed a threat to anyone on the scene, including Defendant Does.

30. Despite having no justification for discharging a less-lethal weapon, yet-to-be identified Defendant Does fired a rubber bullet at Mr. Medina-

Fernandez, striking him in the back of the shoulder. Defendant Does then fired several more rounds at Mr. Medina-Fernandez, striking him in the back.

31. As Mr. Medina-Fernandez turned around to face his attackers, the Defendant Does fired again and again, striking Mr. Medina-Fernandez in the stomach, hip, hand, and foot.

32. Plaintiff is informed and believes, and thereon alleges, that he was struck approximately ten times by rubber bullets. During the hailstorm of rubber bullets, Plaintiff raised his long board in front of his face to protect himself just in time for the bullet to hit the board rather than his face.

33. Immediately thereafter, Defendant Does advanced on Mr. Medina-Fernandez, tackling him to the ground and securing his hands in zip ties. Mr. Medina-Fernandez was then pushed by Defendant Does to sit on a curb where he was left for over an hour.

34. Plaintiff is informed and believes, and thereon alleges, that the Defendant Does proceeded without warning, just cause or provocation, to assault, batter, and cause Plaintiff emotional distress, through acts which included but were not limited to, unjustifiably discharging rubber bullets from a department-issued device at Plaintiff's person.

35. At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to the Defendant Does, nor any other individual, to justify the egregious and excessive force used against him. Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will or the ability, to inflict substantial bodily harm against any individual.

36. Furthermore, Defendant Does who fired rubber bullets at Plaintiff were never faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed the risk of death or serious bodily

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

injury to any person. Such force inflicted against Plaintiff by Defendant Does was grossly excessive, entirely unnecessary, and thereby unconstitutional.

37.     Despite shooting Plaintiffs multiple times with rubber bullets in the back and stomach, an area that contains vital organs, Defendant Does failed to summon medical aid for Mr. Medina-Fernandez, nor even do an examination, during the entire hour that he was left sitting on a curb.

38.     Mr. Medina-Fernandez was then transported by bus to a yet-to-be identified location where he was left for an additional hour.

39.     Again, despite the obvious need for medical attention, Mr. Medina-Fernandez did not receive any medical attention at this location.

40.     Mr. Medina-Fernandez was then transported again to another yet-to-be precinct station or other Long Beach Police Department building where he was left for several hours.

41.     While there, Mr. Medina-Fernandez told police personnel that his hand was in an immense amount of pain. But nothing was done. Mr. Medina-Fernandez then informed the personnel that his hand had gone completely numb. The yet-to-be identified personnel laughed at Mr. Medina-Fernandez when he asked for medical attention and refused to summon medical care or to loosen the zip-ties that were cutting off circulation to his already injured hand.

42.     Finally, Mr. Medina-Fernandez was transported back to a yet-to-be identified precinct near Ocean Ave where he was held until 5:00 a.m.

43.     From approximately 7:00 p.m., when Mr. Medina-Fernandez was shot by Defendant Does, until 5:00 a.m., when he was released, Mr. Medina-Fernandez received no medical attention despite being shot with rubber bullets approximately ten times on all parts of his body, left in zip tie handcuffs for over 9 hours, and informing Defendant Does of the pain, and later numbness, in his hand.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

44.    Due to the actions of Defendant Does, including striking Mr. Medina-Fernandez with approximately ten rubber bullets, Mr. Medina-Fernandez suffered immense pain and suffering in addition to nerve damage to his hand and damage to his stomach and internal organs, including lack of appetite, muscle cramping, and pain.

45.    The nerve damage to Mr. Medina-Fernandez's hand is ongoing and has severely interfered with normal use of his hand.

46.    Mr. Medina-Fernandez suffered devastating, life-altering physical and emotional injuries as the direct and proximate result of the rubber bullet wound inflicted upon his person by the Defendant Does.

47.    The unconstitutional retaliation against Mr. Medina-Fernandez for his exercise of his First Amendment right has chilled Mr. Medina-Fernandez in future exercises of his right to protest police action as he is fearful of future violent retaliation by Long Beach Police Department officers.

48.    Plaintiff is informed and believes, and thereon alleges, that Defendant Does 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Does 1-25. Their failure to discipline DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of City of Long Beach citizens.

49.    Plaintiff is informed and believes, and thereon alleges, that the City of Long Beach Police Department, knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

50.    At all material times, the actions and omissions of each Defendant

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and therefore, unlawful.

## DAMAGES

51.    As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the First and Fourth Amendments, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

52.    Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Violation of the 4th Amendment of the U.S. Constitution – Excessive Force)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ
### Against Defendants DOES 1-25)

53.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 52 of this Complaint.

54.    42 U.S.C. § 1983 provides in part "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper

**COMPLAINT FOR DAMAGES**

proceeding for redress."

55. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

56. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

57. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff, including striking him multiples times in the back, stomach, hip, hand, and foot with rubber bullets.

58. Plaintiff posed no threat to the Defendants at any point, including when Plaintiff was peppered with rubber bullets.

59. There was no need for the use of any force against Plaintiff because he was completely calm, cooperative, and unresisting at all times during the incident. In fact, he was peacefully protesting against police brutality and working to keep all who were present safe from any further police violence when he was shot with multiple rubber bullets.

60. The use of force in discharging rubber bullets was unnecessary, unreasonable, and excessive, and constituted unreasonable search and seizure.

61. In using excessive force, the Defendants were acting in accordance with widespread informal practices and customs maintained by the City of Long Beach Police Department.

62. Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

63. The conduct alleged herein caused Plaintiff to be deprived of his civil rights which are protected under the United States Constitution. The conduct

Case No.

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

64.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Violation of the 1st Amendment of the U.S. Constitution –

### Right to Free Speech and Peacefully Protest)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ

### Against Defendants DOES 1-25)

65.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 64 of this Complaint.

66.    At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

67.    Upon information and belief, Defendant Does chose to use and/or used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police action, liberty, and free movement.

68.    Plaintiff's right to free speech was irreparably and unconstitutionally chilled by this retaliation. Plaintiff now worries that police officers will retaliate anytime he exercises his First Amendment right to protest police action.

69.    The conduct of Defendant Does 1-25 was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

70.    As a result of their misconduct, Defendant Does 1-25 are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (42 U.S.C. § 1983)

### (Violation of the 4th Amendment of the U.S. Constitution –

### Denial of Medical Care)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ

### Against Defendants DOES 1-25)

71.    Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 70 of this Complaint.

72.    Despite Plaintiff's obvious need and requests for medical care for the injuries he sustained as a result of the excessive force employed by the Defendant Does 1 through 25, Defendants refused to timely summon medical care for Plaintiff thereby implicitly insisting that Plaintiff cruelly continue to suffer mental, physical, and emotional pain.

73.    Plaintiff was held in custody but without medical care for approximately 10 hours.

74.    The denial of medical care by Defendant Does 1 through 25 deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures and to receive medical care as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

75.    As a result of the foregoing, Plaintiff suffered and continues to suffer great physical pain and emotional distress, including mental anguish, loss of

**COMPLAINT FOR DAMAGES**

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

functionality in his hand, and loss of wages and earning capacity.

76.    Defendant Deputies knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Plaintiff great bodily harm.

77.    The conduct of Defendants was willful, wanton, malicious, and with reckless disregard for the rights and safety of Plaintiff.

78.    As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Monell – Municipal Liability for Unconstitutional Custom or Policy)
### (Plaintiff MICHAEL MEDINA-FERNANDEZ
### Against Defendants CITY and DOES 26-50)

79.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 78 of this Complaint.

80.    Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City is liable for all injuries sustained by Plaintiff as set forth herein. Defendant City bears liability because their policies, practices and/or customs were a cause of Plaintiffs' injuries.

81.    On information and belief, Defendants' and Does 1 through 25, inclusive, conduct, individually and as peace officers, was ratified by the City's police department supervisorial officers Defendant Does 26 through 50.

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**COMPLAINT FOR DAMAGES**

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

82.    On information and belief, Defendant Does 1 through 25 were not disciplined for their use of excessive force against Plaintiff.

83.    Prior to, and continuing from, May 31, 2020, Defendant Does 1 through 25, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the First, Fourth and Fourteenth Amendments of the United States Constitution, in that said Defendants, and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff's, and of persons in her class, situation, and comparable position in particular, knowingly maintained, enforced, and applied, an official recognized custom, policy, and/or practice of:

    a.  Employing and retaining as officers, deputies, detectives, and other personnel, including Defendant Does 1 through 25, individually and as peace officers, who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Long Beach Police Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

    b.  Inadequately supervising, training, controlling, assigning, and disciplining officers, detectives, and other personnel, including Defendant Does 1 through 25 who Defendant City knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c.  Inadequately supervising, training, controlling, assigning, and disciplining officers, detectives, and other personnel, including

Case No.

**COMPLAINT FOR DAMAGES**

Defendant Does 1 through 25, in responding to individuals who were peacefully protesting;

d.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendant Doe officers who are police officers for Defendant City;

e.  Failing to discipline Defendant Does 1 through 25 for their misconduct, including but not limited to, unlawful seizures and excessive force;

f.  Ratifying the intentional misconduct of Defendant Does 1 through 25 and other agents who are peace officers and/or detectives of Defendant City;

g.  Having and maintaining an unconstitutional policy, custom and practice, of detaining and arresting individuals without probable cause or reasonable articulable suspicion, and using excessive force, demonstrated through inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with deliberate indifference to individuals' rights, safety and welfare; and

h.  Failing to properly investigate claims of unlawful seizures and excessive force by Defendant Does 1 through 25, including officers and detectives.

84.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff sustained severe injuries, was inflicted with pain and suffering, and lost her earning capacity, for which Plaintiff is entitled to recover damages.

85.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

86.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Moreover, Defendants' actions were willful, wanton, intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

87.     Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by Plaintiff.

88.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Violation of California Civil Code §52.1)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ Against
### Defendants CITY and DOES 1-50)

89.     Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 88 of this Complaint.

90.     Defendants DOE Deputies' and/or Officers' aforementioned conduct constituted interference, and attempted interference, by threats, intimidation and

coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States of America and the State of California, in violation of California Civil Code §52.1.

91.    As a direct and proximate results of Defendants' violation of California Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights and suffered damages as set forth herein.

92.    Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees, pursuant to California Civil Code § 52.1(h).

93.    Plaintiff is entitled to treble damages, but in no case less than $4,000.00, and an award of reasonable attorney's fees, pursuant to California Civil Code § 52(a).

94.    Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees, and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Assault/Battery)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ Against Defendant DOES 1-50)

95.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 94 of this Complaint.

96.    Defendant Does 1 through 25 egregiously and unjustifiably shot Plaintiff several times with rubber bullets without cause or provocation. Defendant Does 1 through 25's conduct was neither privileged nor justified under any statute, common-law, or policy.

97.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Government Code, as public employees, Defendant Does 1 through 25, are liable for injuries caused by their acts and/or omissions to the same extent as a private person. At all times mentioned herein, Defendant Does 1 through 25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant Does 1 through 25 pursuant to section 815.2 of the California Government Code.

98.    Defendants caused Plaintiff to be shot in the shoulder, back, stomach, hip, hand and foot with rubber bullets with the unlawful intent to harm him.

99.    Plaintiff did not consent to the touching and was harmed by it.

100.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

101.    The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ Against Defendant DOES 1-50)

102.    Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 101 of this Complaint.

103.    Defendants' conduct as described herein was outrageous.

104.    Defendants intended to cause Plaintiff emotional distress.

105.    Defendants acted with reckless disregard of the probability that

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

Plaintiff would suffer emotional distress.

106.   Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

107.   Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

108.   The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### (Negligence)

### (Plaintiff MICHAEL MEDINA-FERNANDEZ Against Defendants DOES 1-50)

109.   Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 108 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

110.   The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant Does 1 through 25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant Does 1 through 25 were acting within the course and scope of their employment and/or agency with Defendant City. As such Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOES 1 through 25 pursuant to section 815.2 of

**COMPLAINT FOR DAMAGES**

the California Government Code.

111.    Defendant City and/or County, and DOES 1 through 25, are liable for negligent pre-arrest tactics preceding the use of deadly force. The use of rubber bullets discharged at a peaceful protestor's face can constitute the use of deadly force.

112.    Defendant Does 1 through 25 acted negligently in their pre-arrest tactics preceding the use of excessive and/or deadly force against Plaintiff when they failed to perform a reasonable evaluation of the circumstances prior to discharging their weapons. Defendant Does 1 through 25 had no credible or otherwise objectively reasonable threat to their safety or that of another person, to justify the excessive and/or deadly force inflicted upon Plaintiff. Plaintiff was peacefully protesting and demonstrating against the widespread epidemic of police brutality, when yet-to-be identified Defendant Does discharged their firearms, striking Plaintiff in the shoulder, back, stomach, hip, foot, and hand with rubber bullets. Plaintiff did not make any furtive gestures, threatening statements, or aggressive actions.

113.    Defendant Does 1 through 25 were further negligent in failing to warn before their use of deadly force as their training requires.

114.    Defendant Does 1 through 25's negligence was the proximate cause of Plaintiff's death, the direct cause being the illegal, unjustified, and, in the alternative, negligent shooting of Plaintiff.

115.    Finally, Defendant Does 1 through 25 and/or 26 through 50 are liable for negligently failing to intervene when fellow their officers violated the constitutional rights of Plaintiff.

116.    Defendant DOE Deputies and/or Officers were negligent in failing to intervene as Plaintiffs First and Fourth Amendment rights were violated by the illegal and unjustified shots inflicted upon him. It was clear that the use of force

The Law Offices of John L. Burris
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

was excessive and would likely cause substantial physical and emotional harm to Plaintiff, yet none of the Defendant Does, inclusive, intervened, or even attempted to intervene, during the entirety of this encounter.

117.   Plaintiff was harmed physically, mentally, emotionally, and financially, and Defendant Does, inclusive, negligence was a direct and substantial factor in causing this harm.

118.   Plaintiff suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **JURY DEMAND**

119.   Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. Compensatory damages in a sum according to proof;

2. For general damages in a sum according to proof;

3. For special damages in a sum according to proof;

4. For punitive damages in a sum according to proof, as to Defendant DOE Officers and DOES 1-11; and/or Defendant DOE Deputies and DOES 21-30.

5. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

6. For any and all statutory damages allowed by law;

7. For cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

Dated:  August 31, 2021        **THE LAW OFFICES OF JOHN L. BURRIS**


_____*//s// DeWitt M. Lacy*_____

DeWitt M. Lacy

Attorney(s) for Plaintiff

**The Law Offices of John L. Burris**
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212